17-2088
Yang-Jin v. Barr

BIA
Loprest, IJ
A205 583 177

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand nineteen.

PRESENT:
JON O. NEWMAN,
JOSÉ A. CABRANES,
GERARD E. LYNCH,
        *Circuit Judges.*
_____

HUA YANG-JIN, AKA JIN HUA YANG,
        *Petitioner,*

v.                                          17-2088
                                            NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:      Gerald Karikari, Karikari & Associates, P.C., New York, NY.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hua Yang-Jin, a native and citizen of the People's Republic of China, seeks review of a June 9, 2017, decision of the BIA affirming a December 7, 2016, decision of an Immigration Judge ("IJ") denying Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Yang-Jin,* No. A 205 583 177 (B.I.A. June 9, 2017), *aff'g* No. A 205 583 177 (Immig. Ct. N.Y. City Dec. 7, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial evidence standard).

2

The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

First, Petitioner has waived any challenge to the agency's demeanor and corroboration findings by not challenging them in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Second, Petitioner failed to mention during her border and credible fear interviews that she was forced to undergo an

3

abortion. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009) (observing that credibility determinations can be based on inconsistencies arising from a credible fear interview). Given the significance of that event and the interviewers' questions as to whether Petitioner had suffered any other mistreatment, the IJ was not required to accept Petitioner's explanations for the omission. *Cf. Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks and citations omitted)); *see also Hong Fei Gao*, 891 F.3d at 79-80 ("in assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances").

Third, Petitioner's testimony was internally inconsistent regarding whether her husband was detained for a half-day or eight days following her abortion. Contrary to her argument, Petitioner was asked to explain her change

in testimony regarding whether her husband came home on the day she had her abortion. Furthermore, whether Petitioner's husband was detained for half a day or eight days is a plainly obvious inconsistency that the IJ could rely on without asking for an explanation. *Cf. Ming Shi Xue v. BIA,* 439 F.3d 111, 121 (2d Cir. 2006) ("[W]here the perceived incongruities in an asylum applicant's testimony are not plainly obvious, an IJ cannot rely on them to support an adverse credibility ruling without first identifying the alleged inconsistencies for the applicant and giving the applicant an opportunity to address them."). Nor did the BIA err in rejecting Petitioner's allegation of translation error as Petitioner did not provide any independent evidence of the error.

Given the corroboration and demeanor findings, which Petitioner has not challenged, the omission of her forced abortion from her credible fear and border interviews, and her inconsistent testimony regarding the length of her husband's detention, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because Petitioner's claims were all based on the same factual predicates, the adverse credibility

5

determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (explaining that lack of credibility in one area can affect balance of applicant's testimony).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court